Esperanza Cuebas, peticionaria, *v.* Corte de Distrito de San Juan, Hon. A. R. de Jesús, Juez, demandada.

No. 1063.—*Sometido:* Enero 13, 1936.—*Resuelto:* Enero 17, 1936.

*Enrique Báez García,* abogado de la peticionaria; *Angel M. Díaz,* abogado del interventor, el demandante en el pleito principal.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Bautista Rosario entabló una acción en cobro de dinero contra Esperanza Cuebas Iriarte siguiendo el procedimiento especial establecido por la Ley núm. 10 aprobada en 1921 (pág. 113). Se alegó en la demanda que el demandante vendió a la demandada una barbería por la suma de $300, de los cuales satisfizo la cantidad de $100, comprometiéndose a pagar a plazos la suma restante, con las costas, gastos y honorarios de abogado, que se fijaron en $50, en caso de reclamación judicial. Se alegó además, que al tiempo de interponer la demanda la demandada debía la suma de $85, incluyendo intereses vencidos, y se solicitó una sentencia condenando a dicha demandada al pago de la referida suma con las costas, gastos y honorarios de abogado. La corte municipal dictó sentencia de acuerdo con la súplica de la demanda. Apelado el caso para ante la corte de distrito, la demandada presentó una excepción previa alegando que la corte no tenía jurisdicción para resolver la reclamación entablada, de acuerdo con el procedimiento señalado en la Ley núm. 10 de 1921, estableciendo juicios especiales en las cortes municipales de Puerto Rico y para otros fines, por exceder la suma reclamada de $100. La excepción previa fué radicada en 11 de diciembre de 1933 en la secre-

taría de la corte de distrito. En 13 de diciembre del mismo año, dicho tribunal dictó sentencia declarando con lugar la demanda y condenando a la demandada a satisfacer al demandante la cantidad de $85 más las costas, gastos y honorarios de abogado.

■■ La peticionaria solicita la revisión de la sentencia dictada por la Corte de Distrito de San Juan por entender que dicha corte actuó sin jurisdicción al dictar la referida sentencia dentro del procedimiento especial establecido por la ley para los casos en que la suma reclamada no exceda de $100.

Se alega por el demandante, a cuyo favor se dictó la sentencia, que el límite de la jurisdicción de las cortes municipales es de $500 y que lo más que puede decirse en este caso es que la Corte de Distrito, al dictar su sentencia en apelación, se salió de la especialidad de la Ley núm. 10 de 1921, pero no que dicha sentencia fué dictada sin jurisdicción.

Es verdad, como dice el demandante, que la corte municipal puede conocer de cualquier pleito cuya cuantía no exceda de $500; pero esto no quiere decir que tenga derecho a acogerse al procedimiento especial de la Ley núm. 10 de 1921, para hacer efectiva una obligación que exceda de $100, a menos que renuncie al exceso de dicha cantidad. De otro modo la corte carecería de autoridad para actuar en este procedimiento, que, aparte de su carácter sumarísimo, concede a las partes el privilegio de satisfacer como costas únicamente $1 por cada escrito de demanda, contestación o apelación, lo que no podría hacerse en un procedimiento ordinario. El juez de la corte inferior hace constar que "como podrá verse de la faz de la demanda, la cuantía litigiosa no excede de $100 toda vez que el demandante renuncia a la partida de $50 estipulada para honorarios de abogado, conforme aparece de la súplica de la demanda." "La sentencia de esta corte", continúa diciendo el juez, "es por la cantidad de $85 de principal con intereses a razón del 9 por ciento anual desde la radicación de la demanda, en 31 de octubre de 1935,

hasta su completo pago, más las costas, gastos y honorarios de abogado convenidos, cuya cuantía se entiende que no excederá de lo que falte para completar la cantidad de $100, hasta cuya suma tendría jurisdicción esta corte dentro de este procedimiento.''

Hemos examinado la demanda y es verdad que aparecen tachadas las siguientes palabras, refiriéndose a las costas y honorarios de abogado: ''que la demandada convino y aceptó en fijarlos en la suma de $50 y los fijó y estableció en dicha cantidad.''

Como se ve la corte inferior entendió que el demandante, que se acogió al procedimiento especial, al tachar dichas palabras, había renunciado a cualquier cantidad en cuanto a costas y honorarios que unida a la reclamación principal excediese de $100. En estas condiciones entendemos que *procede la anulación del auto expedido,* toda vez que conforme a la aclaración del juez sentenciador, la sentencia dictada no excede de la cantidad de $100.